**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 01, 2024.**

**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FLORENCE LYNN CARLSSON, | § | CASE NO. 24-51952-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 13 |

ORDER AND OPINION WITHDRAWING SHOW CAUSE ORDER
AND DISMISSING CASE

The Court heard its *Order to Appear and Show Cause* (ECF No. 5) ("**Show Cause Order**") which sought to determine whether the Court should dismiss one of two simultaneously pending bankruptcy cases (chapter 7 case No. 24-50198 and this chapter 13 case). After hearing, the Court determined the Show Cause Order should be withdrawn and this case dismissed.

## I.  INTRODUCTION

About three months after the Debtor filed her chapter 7 case, the Court entered an *Order Approving Written Waiver of Discharge* (Case No. 24-50198, ECF. No. 28). Before her chapter 7 case closed, the Debtor filed this chapter 13 case (Case No. 24-51952, ECF No. 1).

1

The Debtor filed this second case because she believed the entry of her waiver of discharge in her existing chapter 7 case terminated the automatic stay, which she needed to protect some of her non-exempt assets from judgment creditors.  The Debtor asserts nothing prevents her from maintaining this chapter 13 case while her discharge-waived chapter 7 case is still pending.  The Chapter 13 Trustee and the United States Trustee disagree.  Under these facts, the Court finds the Debtor cannot maintain both her chapter 7 and chapter 13 cases simultaneously and that the entry of the waiver of her discharge did not cause her chapter 7 stay to expire.[1]

## II. ANALYSIS

### A. SIMULTANEOUS CHAPTER 20[2] CASE

The Bankruptcy Code[3] does not explicitly authorize or prohibit simultaneous cases.  The Bankruptcy Rules, however, do contemplate simultaneous cases.  FED. R. BANKR. P. 1015(a).[4] Courts are divided over whether debtors are barred from maintaining simultaneous voluntary bankruptcy cases per se, and the Fifth Circuit has yet to wade into the matter.  A majority of courts prohibit simultaneous cases.  *In re Sidebottom*, 430 F.3d 893, 898–99 (7th Cir. 2005); *In re Turner*, 207 B.R. 373, 378–79 (2d Cir. 1997); *In re McMahan*, 481 B.R. 901, 913–14 (Bankr. S.D. Tex. 2012); *In re Smith*, 85 B.R. 872, 874 (Bankr. W.D. Okla. 1988); *In re Fulks*, 93 B.R. 274, 276 (Bankr. M.D. Fla. 1988); *In re Belmore*, 68 B.R. 889, 892–93 (Bankr. M.D. Pa. 1987).

---

[1] Continuation of the stay may also have prohibited the Debtor from filing the second case.  *In re Munroe*, 568 B.R. 631, 633 (Bankr. E.D. Mich. 2017).

[2] Chapter 20 is a colloquial term given when a debtor files a chapter 13 case soon after receiving a discharge in a chapter 7 case.  *In re Scantling*, 754 F.3d 1323, 1326 n. 2 (11th Cir. 2014); *In re Davis*, 716 F.3d 331, 332 n. 1 (4th Cir. 2013); *In re Fisette*, 695 F.3d 803, 805 (8th Cir. 2012); *In re Salem*, 465 F.3d 767, 772 (7th Cir. 2006).

[3] All statutory citations and references are to title 11 of the United States Code, unless otherwise noted.

[4] Federal Rule of Bankruptcy Procedure 1015(a) reads: "Cases Involving Same Debtor.  If two or more petitions by, regarding, or against the same debtor are pending in the same court, the court may order consolidation of the cases." FED. R. BANKR. P. 1015(a).  While the text of the rule is not so limiting, the advisory committee notes to this rule suggest Rule 1015(a) was intended to deal with overlapping voluntary and involuntary petitions, involuntary petitions overlapping with each other, and the consolidation of the petitions of two different spousal estates.  FED. R. BANKR. P. 1015(a) advisory committee's note to 1983 amendment and 2017 amendment.

However, some courts have allowed a debtor to maintain a chapter 13 case while a chapter 7 case is open so long as a discharge has been granted in the earlier case.  *In re Blendheim*, 803 F.3d 477, 500 (9th Cir. 2015); *In re Saylors*, 869 F.2d 1434, 1438 (11th Cir. 1989); *In re Ragsdale*, 315 B.R. 691, 693–94 (Bankr. E.D. Mich. 2004); *In re Hodurski*, 156 B.R. 353, 356 (Bankr. D. Mass. 1993); *In re Strause*, 97 B.R. 22, 29 (Bankr. S.D. Cali. 1989); *In re Kosenka*, 104 B.R. 40, 46–47, 51 (Bankr. N.D. Ind. 1989).  None of these cases, however, directly address a situation where a debtor has waived her discharge in a prior case.  But the waiver of discharge implicates one important fact that many of these cases do address—whether undischarged debts in the existing chapter 7 case are also being dealt with in the new chapter 13 case, which triggers the general prohibition on simultaneous bankruptcy cases addressed by the U.S. Supreme Court in its seminal case of *Freshman v. Atkins*, 269 U.S. 121 (1925).

In *Freshman*, a case interpreting the Bankruptcy Act,[5] a recommendation that discharge be denied was filed with the clerk, but never acted on by that court.  *Freshman*, 269 U.S. at 122. Later, the debtor filed another bankruptcy petition identifying the same creditors listed in the first case.  *Id.*  The district court denied discharge as to creditors who were also listed in the debtor's first case but granted it as to new creditors.  *Id.*  The Supreme Court affirmed, relying on "the general rule that the law will not tolerate two suits at the same time for the same cause."  *Id.*, at 123.  This decision follows the "single estate rule," which states: where a second case simultaneously attempts to deal with debts actively being dealt with in the first case, the second case cannot stand.  *In re Sanchez-Dobazo*, 343 B.R. 742, 745 (Bankr. S.D. Fla. 2006) (prohibiting "a particular piece of property from being an asset of multiple bankruptcy estates simultaneously"); *In re Bullock*, 206 B.R. 389, 393 (Bankr. E.D. Va. 1997) ("At most, *Atkins* could be interpreted

---

[5] Act of July 1, 1898, ch. 541, 30 Stat. 544 (repealed 1978).

as stating *two cases which seek to discharge the same debt* cannot be pending simultaneously.").
A debtor cannot maintain two bankruptcy cases simultaneously if they involve the same property—even those minority of courts who allow for simultaneous filings only do so if the debtor previously received a discharge.  *E.g.*, **In re Blendheim**, 803 F.3d 477, 500–01 (9th Cir. 2015).

The Debtor did not receive a discharge in her chapter 7 case before filing this chapter 13. Therefore, her personal obligations on those debts remained.  § 524; **Resol. Trust Corp. v. Mayer**, 985 F.2d 558 (5th Cir. 1993).  The Debtor's chapter 13 case includes some of the same debts, along with a few additions, and some of the same assets, with a few additions, from her chapter 7. (Case No. 24-51952, ECF No. 10, p. 3–11, 15–25; Case No. 24-50198, ECF No. 18, p. 3–13, ECF No. 1, p. 26–34).

At hearing, the Debtor's counsel unapologetically admitted the Debtor filed the new chapter 13 case to discharge debts that were not discharged—as a result of the Debtor's waiver of discharge—in the chapter 7 case.  Because the chapter 13 case tries to deal with the same debts and assets as the chapter 7 case, the principles undergirding *Freshman* compel this Court to dismiss.

The Court need not take a position on whether to enforce a per se rule prohibiting simultaneous cases because even those cases declining to adopt a per se rule prohibit simultaneous cases that address the same debts, which the Debtor has admitted her two cases do.  Therefore, the Court will dismiss the Debtor's chapter 13 case.

Despite losing that battle, the Debtor still wins the war because the Court also finds that the Debtor's waiver of discharge in the chapter 7 case did not terminate the automatic stay.

### B.    TERMINATION OF THE STAY

The Debtor falsely believes the stay terminated upon this Court's entry of an order approving her waiver of discharge.  It did not.  Section 362(c)(2) states:

> (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
> (a) the time the case is closed;
> (b) the time the case is dismissed; or
> (c) if the case is a case under chapter 7 . . . the time a discharge is granted or denied.

§ 362(c)(2).  Thus, the automatic stay terminates, without action, if a case is *closed* or *dismissed*, or if the debtor is *denied* or *granted* a discharge.  **Id**.  Section 362(c)(2) does not say the stay terminates if a debtor *waives* her discharge.

### 1.    A DENIAL OF DISCHARGE IS DIFFERENT FROM A WAIVER OF DISCHARGE.

Although an order denying discharge and an order approving a discharge waiver come to the same conclusion (no discharge), the path to that conclusion and the timing of that conclusion are different.  Once a court enters an order *denying* a debtor a discharge, the Clerk's office immediately enters a designation to that effect and the automatic stay is lifted.  But when a court enters an order approving a discharge *waiver*, the Clerk's office does not enter a denial designation.  Instead, it enters a waiver designation but only when the case is ripe for closure.  In the period between approving the discharge waiver and the closure of the case, the Chapter 7 Trustee continues to administer the bankruptcy estate and the automatic stay remains in effect.  Laura B. Bartell, *Waiver of Discharge—Is it Ever Really Voluntary?*, 96 AM. BANKR. L. J. 449, 459-61 (2022).

While a waiver of discharge is a voluntary act by the debtor, a grant or denial of discharge comes only from a court order.  Only a debtor has the power to waive a discharge and only a court

5

has the authority to deny or grant a discharge.  This suggests the two matters should be treated differently.

In other areas of the law, such as evidentiary or procedural objections, waivers are not treated the same as adverse rulings or denials.  Under the Federal Rules of Evidence, if a party fails to issue a timely objection, they are precluded from claiming error of that matter on appeal.[6] FED. R. EVID. 103(a).  But if the party does timely object and their objection is overruled (denied), they may be able to have that matter reviewed by the appellate court.  *Id.*; *United States v. Aguilar-Munoz*, 598 Fed. App'x 318, 319–20 (5th Cir. 2015).  Likewise, a party's failure to object to a magistrate judge's factual or legal conclusions "waiv[es] the right to further consideration of any sort." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *United States v. Davis*, No. 23-50797, 2024 WL 701526, at *1 (5th Cir. Feb. 21, 2024).  But a party's proper objection triggers district court review. *Thomas v. Arn*, 474 U.S. 140, 152 (1985).

Moreover, a discharge waiver often occurs in the middle of the case, while a grant or denial of discharge generally occurs at the end of the case.  *See* Laura B. Bartell, *Waiver of Discharge—Is it Ever Really Voluntary?*, 96 Am. Bankr. L. J. 449, 487 n. 110 (2022) (collecting cases).  Most chapter 7 cases are no-asset cases in which the debtor's case closes shortly after the Court enters an order granting a discharge.  § 727; FED. R. BANKR. P. 4004(c), 5009(a).  But a waiver of discharge can happen at any point during a bankruptcy case.  Because the timing of these actions are different, it is understandable that Congress would treat them differently in § 362(c)(2)(C).

---

[6] There is, of course, an exception for fundamental errors.  *Lee v. Dallas Cnty Bd. of Ed.*, 578 F.2d 1177, 1179 (5th Cir. 1978).

2.      A DISCHARGE WAIVER DOES NOT TERMINATE THE AUTOMATIC STAY.

Section 362(c)(2)(C) dictates the consequences of a court's order granting or denying a discharge: the automatic stay terminates.  But a debtor's voluntary waiver of discharge does not prompt the same consequences.  Section 362(c)(2)(A) and (B) delineate the latest a debtor may enjoy the protection of the automatic stay—until the case is closed or dismissed.  § 362(c)(2)(A)–(B).  The automatic stay's protections may end sooner if the debtor is granted or denied a discharge.  § 362(c)(2)(C).  Typically, in a chapter 7 case, a grant or denial of discharge occurs parallel with or temporally close to the dismissal or close of a case—either through a court order or the mechanics of the Clerk's office.  This is not the case with a discharge waiver, which often happens mid-case.  While termination of the stay mid-case might not harm a debtor who has waived her discharge, it does affect property of the estate by accelerating the timeline by which creditors may move against property of the bankruptcy estate, which can induce a race to the courthouse by other creditors, defeating the Bankruptcy Code's policy goal of equal treatment of similarly situated creditors.

Section 727(a) directs the granting of a discharge unless one of twelve exceptions applies.[7] § 727(a); *see also* FED. R. BANKR. P. 4004(c)(1); ***Mandel v. White Nile Software, Inc. (Matter of Mandel)***, No. 20-40026, 2021 WL 3642331, at *5 (5th Cir. Aug. 17, 2021).  When a creditor

---

[7] Section 727(a) states:

> The court shall grant the debtor a discharge, unless—
> (1)  the debtor is not an individual;
> (2)  the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>     (A)  property of the debtor, within one year before the date of the filing of the petition; or
>     (B)  property of the estate, after the date of the filing of the petition;
>                        . . .
> (10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

7

establishes one of these exceptions, a court will deny the debtor a discharge. § 727(a)(2)–(9), (11)–(12); *Matter of Mandel*, 2021 WL 3642331, at *6–7. But sometimes a debtor is *ineligible* for a discharge, and an order is never entered denying them a discharge. § 727(a)(1), (10). In such cases the stay remains in effect until the case is closed or dismissed. § 362(c)(2)(A)–(B).

For example, if a debtor has defrauded a creditor, unjustifiably falsified business documents, or knowingly and fraudulently made a false oath, the Court will deny the debtor a discharge. § 727(a)(2)–(4); *The Cadle Company v. Duncan (In re Duncan)*, 562 F.3d 688, 695–98 (5th Cir. 2009). A corporate debtor in a chapter 7 case, however, is not eligible for a discharge, and no order denying discharge is entered. § 727(a)(1). Instead, the case and the stay continue with the understanding that the debtor is not eligible for a discharge. Similarly, in a chapter 20 case, the debtor is also not eligible for a discharge in the subsequent chapter 13. § 1328(f)(1). Yet the Bankruptcy Code does not require that an order be *immediately* entered denying the debtor a discharge and eliminating the protection of the automatic stay. The automatic stay remains in effect while the individual chapter 13 case or corporate chapter 7 case is pending. Unless an order denying discharge is entered sooner than the end of the case, the stay terminates in these cases only when the case is closed or dismissed. § 362(c)(2)(A)–(B).

Likewise, when a chapter 7 debtor waives her discharge and a court enters an order approving such waiver, the automatic stay remains in effect until the case is closed or dismissed. But in other cases, such as when a debtor is denied a discharge because of some debtor malfeasance described in one of the other exceptions provided for within § 727(a), the automatic stay expires once the court enters the order denying the debtor a discharge. § 362(c)(2)(C). Thus, it is understandable Congress intended an order approving a discharge waiver to be different from an order denying discharge. *See* 124 Cong. Rec. H11098 (daily ed. Sept. 28, 1978) (statement of

8

Rep. Edwards concerning § 727(a)(10)) ("a discharge *may be <u>barred</u>* if the court approves a waiver of discharge.") (emphasis added).

### 3.    COURTS FINDING OTHERWISE LACK ANALYSIS.

Without sufficient analysis, other courts have equated "waiver" with "denial" of discharge. ***Allgaier v. Peterson***, Case No. 13 CV 5112 (VB), 2017 U.S. Dist. LEXIS 127993, at 3 (S.D.N.Y. Aug. 10, 2017) ("[W]aiver of [a] right to a discharge serve[s] as a denial of a discharge so as to terminate the automatic stay pursuant to 11 U.S.C. section 362(c)(2)(C)."); ***In re Dunne***, Case No. 13-50484, 2015 Bankr. LEXIS 4014, at *15 (Bankr. D. Conn. Nov. 25, 2015) ("Since the Debtor waived his discharge, the automatic stay does not apply to him."); ***Smith v. C.I.R.***, 96 T.C. 10, 16 (1991) ("The effect of a waiver of discharge under 11 U.S.C. section 727(a)(10) is that the debtor shall be denied a discharge."); ***In re Shenberg***, 433 F. Supp. 677, 680 (D. Ill. 1977) (a case under the Bankruptcy Act) ("If such person is adjudged a bankrupt, actions against him may be further stayed until the question of his discharge is determined by the court after a hearing, or by his filing a waiver of, or having lost, his right to a discharge."). The Court does not believe any of these courts critically examined the question at hand—whether "waiver" of a discharge is equal to "denial" of a discharge under § 362(c)(2). Nor did these courts consider the importance of (i) the mid-case timing of a discharge waiver versus the end-of-case granting or denial of discharge, or (ii) the continuation of the stay to achieve the important bankruptcy policy goal of treating similarly situated creditors similarly, which premature termination of the stay would thwart.

The latest case addressing the question simply cites to ***Smith v. C.I.R.*** and ***In re Dunne*** for support of its proposition that waiver equates to denial. ***Allgaier***, 2017 U.S. Dist. LEXIS 127993, at 3. But neither case truly wrestles with whether Congress intended waiver of a discharge to

trigger immediate stay relief (frequently mid-case) as denial of a discharge does at the end of the case.  Instead, **Smith** holds that because both actions eliminate the discharge, both should eliminate the stay.  **Smith** fails to address, however,  the temporal nature of the stay mid-case (waiver) versus end-of-case (denial).   **Smith** relies on treatises and a single Bankruptcy Act case for support. **Smith**, 96 T.C. at 16.  The Bankruptcy Act case did not analyze the question, but in dicta, mentioned waiver and denial in the same sentence.  **In re Shenberg**, 433 F. Supp. at 680.  The treatises cited also did not analyze the issue.  4 COLLIER ON BANKRUPTCY ¶ 727.12 (15th ed. 1990); 1 NORTON BANKRUPTCY LAW AND PRACTICE § 27.23 (1st ed. 1982).[8]

Similarly, after finding that neither of the objecting parties (the debtor and his wife) had standing to object, the **In re Dunne** court concluded in one sentence that the debtor's discharge waiver means the automatic stay *does not apply to the debtor*.  But, apart from the off-hand comment on the discharge waiver, the **Dunne** court separately conducted an analysis and lifted the stay to allow the Irish Official Assignee to pursue stayed litigation, rendering the **Dunne** court's off-hand conclusion on the discharge waiver dicta.  **In re Dunne**, 2015 WL 7625609, at 5.  The Court is, therefore, unpersuaded by the conclusory statements in **Smith** and **Dunne** that "waiver" equates to "denial" for the purposes of § 362(c)(2).

The Court can find no reason to depart from the plain language of § 362(c)(2), which does not equate a "waiver" with a "denial" of discharge.  A denial of discharge and a waiver of discharge are two distinct actions under the Bankruptcy Code which often occur at different stages of a case and may require different treatment even though both actions may have the same effect—no discharge.  Section 362(c)(2)(C), by its express terms, only terminates the stay on the "grant or denial" of discharge, but says nothing about the "waiver of discharge."  Thus, if a chapter 7 debtor

---

[8] And the latest editions still do not wrestle with this question.  6 COLLIER ON BANKRUPTCY ¶ 727.12 (16th ed. 2024); 4 NORTON ON BANKRUPTCY LAW AND PRACTICE § 86.19 (3d ed. 2023).

waives his discharge, the automatic stay will remain in place until the Court orders otherwise, or until the debtor's case is closed or dismissed.  § 727(c)(2)(A)–(B).

Here, when the Court approved the Debtor's waiver of discharge, she was not eligible for a discharge.  But the automatic stay continued to protect assets of the chapter 7 case because the case had not been closed or dismissed, and the Court had not entered an order granting or denying her a discharge.  § 362(c)(2).  The Debtor later filed her chapter 13 case while her chapter 7 case was still pending.  Waiver of her discharge in the chapter 7 case did not terminate the automatic stay of § 362(c)(2).  Instead, the stay remains in effect until this Court orders otherwise or her chapter 7 case is closed or dismissed.

### III.   CONCLUSION

Because the Debtor's chapter 13 case tries to address the same debts and incorporates the same assets as those in her pending chapter 7 case, her chapter 13 case must be dismissed. Furthermore, because the Debtor's chapter 7 case has not been closed or dismissed and because there has not been an order granting or denying her a discharge, the automatic stay is still in effect. It is, therefore,

ORDERED that the above-referenced *Show Cause Order* is WITHDRAWN.

ORDERED that the above-captioned case is DISMISSED.

# # #